<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| COTAPAXI CUSTOM DESIGN & MANUFACTURING, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 07-4378 (GEB) |
| PACIFIC DESIGN & MANUFACTURING, INC., and PAUL CHERRY, | **MEMORANDUM OPINION** |
| Defendants. | |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the plaintiff Cotapaxi Custom Design and Manufacturing, LLC's ("Plaintiff") Motion for Default Judgment. (Doc. No. 20.) The Court has reviewed the submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant the Plaintiff's motion.

**I.   BACKGROUND**

This is an action for infringement of Plaintiff's design patents against Pacific Design and Manufacturing, Inc., Paul Cherry, Kathleen Hennessey, and Does 1 through 10 (collectively, "Defendants"). Plaintiff filed the instant complaint on September 18, 2007, stating claims for infringement of two separate patents for pen designs, inducement of patent infringement, and

1

contributory infringement. (Doc. No. 1.) The heart of the complaint is the assertion that Defendants offered to supply, and did supply, between 350,000 and 500,000 pens bearing the same design as the Plaintiff's to third parties at a lower cost. (Id. at ¶ 20-21.) Defendants, after requesting extensions to answer the complaint, filed an answer November 5, 2007, asserting fifteen affirmative defenses and a counterclaim that Plaintiff's patents were invalid and unenforceable. (Doc. No. 5.) On the same date, Defendants filed a Notice of Suggestion of Death, stating that Defendant Paul Cherry was found dead on October 26, 2007, and suggested that any future proceedings would have to proceed against the Estate of Paul Cherry. (Doc. No. 6.) Plaintiff filed a response to this counterclaim on November 30, 2007. (Doc. No. 7.)

Following the death of Defendant Paul Cherry, Defense Counsel Melvin K. Silverman ("Silverman") filed a Motion to Withdraw, stating his understanding that Defendant Pacific Design and Manufacturing was ending operations and would not have the means to further pay counsel in this matter. (Doc. No. 10.) After initially granting the motion, the Magistrate Judge vacated that order, sua sponte, noting that no substitute counsel had been entered and that New Jersey law does not permit corporations or estates to proceed pro se. (Doc. Nos. 12, 13.) The Magistrate Judge did, however, conditionally grant the motion to withdraw, provided that Silverman file proof of service of this order on Defendants within ten days of the order. (Id. at ¶ 2.) The order also required as a condition that Defendants have substitute counsel file notice of appearance on behalf of each Defendant by May 28, 2008, and admonished Defendants that if counsel did not file a notice of appearance, default judgment may be entered against them. (Id. at ¶¶ 3, 4.) The Magistrate Judge also set an in person conference for the same date, requiring all counsel and pro se parties to appear. (Id. at ¶ 3.)

Defendants failed to attend the in person conference, which was rescheduled for June 12, 2008. The Magistrate Judge issued an Order to Show Cause, directing counsel to show why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 16(f) for their failure to attend the conference. (Doc. No. 14.) Following this order, the Magistrate Judge issued a Letter Order providing the Estate of Defendant Paul Cherry one final opportunity to appear and defend this action and scheduling an in person conference for August 13, 2008. (Doc. No. 16.) The Letter Order stated that if counsel failed to appear, "the Court will have no alternative but to recommend that default be entered against Pacific Design and Manufacturing, Inc. and the Estate of Paul Cherry." (Id.)

The Magistrate Judge filed a Superceding Report and Recommendation on March 3, 2009, recommending that the District Court strike Defendants' Answer and Counterclaim, and permit Plaintiff to proceed to default judgment. (Doc. No. 18.) On March 18, 2009, adopting the recommendations of the Magistrate Judge, the District Court ordered that Defendants' Answer and Counterclaim be stricken from the record, that default be entered against the Defendants, and that Plaintiff be permitted to proceed to default judgment. (Order; Doc. No. 19.) The Clerk entered default on March 19, 2009, and Plaintiff filed the instant Motion for Default Judgment on December 23, 2009. (Doc. No. 20.) The Motion is unopposed.

## II.     DISCUSSION

### A.     Standard of Review

Default is governed by Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55. Rule 55(a) provides, in relevant part: "When a party against whom a judgment for affirmative relief is

sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)."  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 250 F.R.D. 171, 177, 2008 U.S. Dist. LEXIS 28324 (D.N.J. April 7, 2008) (citation omitted).  "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 (D.N.J. April 1, 2008) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1983)).

     Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  Doug Brady, 250 F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")).  "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort."  Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)).  A defendant demonstrates a meritorious defense if "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). Therefore, a defendant's assertions "must contain specific facts that would allow Defendants to advance a complete defense" and must be substantively sufficient.  Days Inn Worldwide v.

4

Jerbev Corp., No. 08-1659, 2009 U.S. Dist. LEXIS 29138, at \*3-\*4 (D.N.J. April 8, 2009) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d at 195-96; Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 983 (3d Cir. 1988)).

    Further, although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Signs by Tomorrow - USA, Inc. v. G.W. Engel Co., Inc., No. 05-4353, 2006 U.S. Dist. LEXIS 56456, at \*5-6 (D.N.J. Aug. 1, 2006) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at \*1 (D.N.J. Mar. 14, 2006) (citation omitted)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Signs, 2006 U.S. Dist. LEXIS 56456, at \* 6 (quoting Directv, Inc., 2006 U.S. Dist. LEXIS 14027, at \*1 (citation omitted)).

    Finally, when a plaintiff's claim for damages is not "for a sum certain or for a sum which can by computation be made certain," the court may conduct such hearings it deems necessary in order to determine the amount of damages. Fed. R. Civ. P. 55(b)(1), (b)(2). Such hearings, however, are held "entirely at the court's discretion, usually when the court cannot determine from plaintiff's pleadings and affidavits the appropriate amount of statutory damages to award." Event Entm't v. Tudor Inn E., Inc., No. 97-2431, 1999 U.S. Dist. LEXIS 11345, at \* 7 (D.N.J. Jan. 25, 1999).

**B.     Analysis**

The Office of Clerk of this Court granted Plaintiff's request for an entry of default (Doc. No. 19) under Federal Rule of Civil Procedure 55(a).  See Husain v. Casino Control Comm'n, No. 07-3636, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)").  See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS 43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").

Plaintiff alleges in its complaint causes of action for patent infringement, inducement of patent infringement, and contributory patent infringement.  Plaintiff states that, "[i]n about 2004, Plaintiff designed a pen having unique and distinctive ornamental designs and filed for design patents on two versions of that pen design."  (Compl. at ¶ 17; Doc. No. 1.)  For these two designs, Plaintiff acquired United States Design Patent Number D 572,741 S with an effective date of December 13, 2005, and United States Design Patent Number D 508,083 with an effective date of August 2, 2005.  (Id.)  Plaintiff further states that after initially supplying between 300,000 and 400,000 pens to a company named Abbott Laboratories ("Abbott"), "Defendants thereafter offered to reproduce Plaintiff's patented pen designs and to supply pens bearing those designs to Abbott at a lower price than Plaintiff had previously provided."  (Id. at ¶ 20.)  Defendants then "obtained one or more orders for such pens from Axiom Marketing, Inc., a

supplier to Abbott, in the amount of between 350,000 and 550,000 units." (Id. at ¶ 21.)  Plaintiff also learned that Defendants were offering pens of a similar design as Plaintiff's in the national marketplace.  (Id. at ¶¶ 22-23.)

The Court concludes that default judgment is appropriate here.  First, Plaintiff's unchallenged facts, which the Court accepts as true, set forth a legitimate cause of action. See Signs, 2006 U.S. Dist. LEXIS 56456 at * 6.  Defendants' answer and counterclaims have been stricken.  In addition, Defendant has not offered any opposition to the Motion for Default Judgment, and therefore, the Court concludes that the Defendant has not offered information regarding the existence of a meritorious defense.  See United States SBA v. Nahid Nazarian Behfarin, No. 08-1393, 2010 U.S. Dist. LEXIS 26645, at *10 (D.N.J. Mar. 19, 2010).

Second, Plaintiff has been prejudiced by Defendants' actions.  Since filing its now-stricken Answer on November 5, 2007, Defendants have failed to meaningfully participate in this litigation.  Additionally, this Court has found prejudice where a defendant's failure to participate has deprived a plaintiff of the opportunity to succeed on its claims.  See, e.g., Piquante Brands Intern., Ltd. v. Chloe Foods Corp., No. 08-4248, 2009 WL 1687484 at *2 (D.N.J. June 16, 2009) (finding prejudice where plaintiffs were unable to vindicate patent rights).  Due to Defendants' failure to engage in this litigation, Plaintiff would be unable to succeed on the merits of its claims without an order granting Default Judgment.  The Court also concludes that this prejudice is directly attributable Defendants.  Following the withdrawal of Silverman, Defendants failed to obtain new counsel, failed to attend scheduled hearings, and failed to respond to an Order to Show Cause.

Therefore, the Court will grant default judgment in favor of Plaintiff, but the Court will

reserve on its judgment with respect to the amount of damages. Plaintiff stated that its damages "cannot be fully calculated without knowing Defendants' full sales quantities." (Pl's Mot. for Default J. at 10; Doc. No. 20.) Pursuant to Fed. R. Civ. P. 55(b)(2), the Court will require a written submission and hold a hearing to determine damages.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Default Judgment. An appropriate form of Order accompanies this Opinion.

Dated: June 8, 2010

                                        s/ Garrett E. Brown, Jr.
                                      GARRETT E. BROWN, JR., U.S.D.J.